Per Curiam.
{¶ 1} This is an appeal from a judgment of the court of appeals granting a writ of prohibition to prevent Judge Thomas P. Curran, a visiting judge sitting in the Mahoning County Court of Common Pleas, from conducting a jury trial in a wrongful-death action to determine, for the second time, whether appellants, Gregory McDaniel, M.D., and Comprehensive Pediatric & Adult Medicine, Inc. (“Comprehensive”), were negligent, resulting in the death of their patient, Charles Mullins. Because the court of appeals erred in determining that a retrial of the negligence claim against Dr. McDaniel and Comprehensive patently and unambiguously violated the court’s mandate in a prior appeal, we reverse the judgment of the court of appeals and deny the writ.
Facts
Underlying Complaint and Verdict
{¶ 2} In May 2004, appellee, Lisa Mullins, the widow and administrator of the estate of Charles Mullins, filed a complaint in the Mahoning County Court of Common Pleas in her fiduciary capacity, alleging that McDaniel and Comprehensive had been negligent in their medical treatment of Charles Mullins, resulting in his death. In May 2007, following a trial, the jury returned a verdict of $420,000 in favor of the estate and against McDaniel and Comprehensive. The jury determined that McDaniel had been negligent in his treatment of Charles Mullins and that the doctor’s negligence was a proximate cause of Charles’s death.
*442 Appeal of Jury Verdict
{¶ 3} McDaniel and Comprehensive appealed the judgment entered upon the jury verdict. See Mullins v. Comprehensive Pediatric & Adult Medicine, Inc., 7th Dist. No. 07 MA 144, 2009-Ohio-1310, 2009 WL 737915. In their first assignment of error, McDaniel and Comprehensive asserted that the trial court had abused its discretion by refusing to submit to the jury their proposed instruction on the alleged contributory negligence of Lisa and Charles Mullins. Id. at ¶ 62-63. The court of appeals sustained this assignment of error in part, holding that the trial court had abused its discretion by refusing to instruct the jury on Lisa Mullins’s alleged contributory negligence. Id. at ¶ 86. The court of appeals also sustained appellants’ second assignment of error — that the trial court had abused its discretion by denying their motion for new trial. Id. at ¶ 87-91. In the concluding paragraph of the court of appeals’ opinion, the court stated, “Because we have sustained Appellants’ first assignment of error in part and their second assignment of error in full, we hereby remand this matter to the trial court for further proceedings according to law and consistent with this Opinion.” (Emphasis added.) Id. at ¶ 102.
{¶ 4} The appellate court’s mandate issued March 20, 2009, included the language “this cause is remanded to the trial court for further proceedings.”
Remand to Trial Court and Filing of Writ
{¶ 5} On remand, Lisa Mullins filed a motion asking the trial court to apply the decision of the court of appeals as the law of the case by holding, inter alia, that McDaniel was negligent, that his negligence was a proximate cause of the death of Charles Mullins, and that the jury verdict of $420,000 was still in effect. Judge Curran specified in a March 24, 2010 entry that the issue of the medical negligence of McDaniel and Comprehensive would be retried before the jury at the same time that the issue of the alleged contributory negligence of Lisa Mullins would be tried. He stated that he believed that the retrial he ordered “follow[ed] the decision of the Ohio Court of Appeals in every respect.”
{¶ 6} On May 6, 2010, Lisa Mullins, in her capacity as administrator of her deceased husband’s estate, filed a complaint in the court of appeals for (1) a writ of prohibition to prevent Judge Curran and the Mahoning County Court of Common Pleas from proceeding contrary to the court of appeals’ mandate in Mullins, 7th Dist. No. 07 MA 144, 2009-Ohio-1310, 2009 WL 737915, by retrying the issue of the medical negligence of McDaniel and Comprehensive at a second jury trial and to allow the jury to again determine the damages and (2) a writ of mandamus to, among other things, compel the trial court to limit the new trial to the issue of the alleged contributory negligence of Lisa Mullins. Judge Curran and the common pleas court filed a motion to dismiss, and McDaniel and Comprehensive intervened and filed a motion to dismiss.
*443 {¶ 7} On March 14, 2011, the court of appeals granted a writ of prohibition to prevent Judge Curran from retrying the negligence issue in the case against McDaniel and Comprehensive.
{¶ 8} This cause is now before the court upon McDaniel and Comprehensive’s appeal as of right from the judgment granting the writ of prohibition.
Legal Analysis
{¶ 9} Extraordinary relief in prohibition will not lie if the party requesting it has an adequate remedy in the ordinary course of law. See State ex rel. Skyway Invest. Corp. v. Ashtabula Cty. Court of Common Pleas, 130 Ohio St.3d 220, 2011-Ohio-5452, 957 N.E.2d 24, ¶ 10.
{¶ 10} Judge Curran reasonably concluded from the court of appeals’ mandate in Mullins, 2009-Ohio-1310, 2009 WL 737915, that a retrial of the wrongful-death case, including the negligence claim against McDaniel and Comprehensive, was warranted. The court of appeals’ mandate does not expressly restrict or otherwise limit the new trial to the contributory-negligence issue. And in both the court of appeals’ mandate and the concluding paragraph of its opinion in Mullins, 2009-Ohio-1310, 2009 WL 737915, the court of appeals sustained appellants’ second assignment of error — that the court of appeals had abused its discretion by denying their motion for new trial — “in full,” which implies an unrestricted new trial on the issue of negligence.
{¶ 11} Because the issue concerning whether the court of appeals’ mandate was being disobeyed has been raised in the context of an action for extraordinary relief in prohibition, our duty “ ‘is limited to determining whether jurisdiction is patently and unambiguously lacking.’ ” (Emphasis added.) Goldberg v. Maloney, 111 Ohio St.3d 211, 2006-Ohio-5485, 855 N.E.2d 856, ¶ 45, quoting State ex rel. Florence v. Zitter, 106 Ohio St.3d 87, 2005-Ohio-3804, 831 N.E.2d 1003, ¶ 28.
{¶ 12} Because the mandate did not specifically limit the retrial so as to preclude the jury’s consideration of the negligence claim against McDaniel and Comprehensive and because the court of appeals’ opinion in Mullins, 2009-Ohio-1310, 2009 WL 737915, was unclear on the scope of the retrial, Judge Curran did not patently and unambiguously disregard the court of appeals’ mandate. Lisa Mullins, in her capacity as administrator of her late husband’s estate, has an adequate remedy in the ordinary course of law by appeal after retrial to raise her contention that the court of appeals intended — as is clear now from that court’s opinion in this prohibition case — that the retrial be so limited.
{¶ 13} Because the court of appeals did not include clearer language in its mandate and opinion, McDaniel and Comprehensive reasonably concluded that the court’s opinion in the appeal was in their favor on the point of a new trial in which their alleged negligence would be reassessed with the alleged contributory *444 negligence of Lisa Mullins. See State ex rel. Richardson v. Suster, 130 Ohio St.3d 82, 2011-Ohio-4728, 955 N.E.2d 982, fn. 1, quoting Ohio Contract Carriers Assn., Inc. v. Pub. Util. Comm., 140 Ohio St. 160, 42 N.E.2d 758 (1942), syllabus (“ ‘Appeal lies only on behalf of a party aggrieved by the final order appealed from’ ”). If we were to affirm the judgment of the court of appeals granting the writ of prohibition, McDonald and Comprehensive would be barred by res judicata from challenging the substantive merits of the court of appeals’ decision to order a limited retrial.
{¶ 14} We will not interpret the law-of-the-case doctrine in this extraordinary-writ context to reach this untenable result. See Hubbard ex rel. Creed v. Sauline, 74 Ohio St.3d 402, 404, 659 N.E.2d 781 (1996), quoting State ex rel. Potain v. Mathews, 59 Ohio St.2d 29, 32, 391 N.E.2d 343 (1979) (“ ‘The [law-of-the-case] doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results’ ”); see also State ex rel. Estate of Miles v. Piketon, 121 Ohio St.3d 231, 2009-Ohio-786, 903 N.E.2d 311, ¶ 30, citing Davis v. Wal-Mart Stores, Inc., 93 Ohio St.3d 488, 491, 756 N.E.2d 657 (2001) (“The binding effect of res judicata has been held not to apply when fairness and justice would not support it”).
Conclusion
{¶ 15} Based on the foregoing, the court of appeals erred in granting the writ of prohibition to prevent Judge Curran from retrying the negligence case against McDaniel and Comprehensive when he was not acting in patent and unambiguous disregard of the court of appeals’ mandate in the prior appeal. Therefore, we reverse the judgment of the court of appeals and deny the writ.
Judgment reversed and writ denied.
O’Connor, C.J., and Lanzinger, Cupp, and McGee Brown, JJ., concur.
Lundberg Stratton and O’Donnell, JJ., concur separately.
Pfeifer, J., dissents.