[Cite as *State v. Zell*, 2014-Ohio-4973.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                          Court of Appeals No.    E-14-013
                                                                               E-14-014
        Appellee
                                                       Trial Court No. 2011-CR-491
v.

Timothy J. Zell                                        **DECISION AND JUDGMENT**

        Appellant                                      Decided:  November 7, 2014

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Mary Ann Barylski, and Frank Romeo Zeleznikar, Assistant Prosecuting
Attorneys, for appellee.

Jeffrey J. Whitacre, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} This is an appeal from a nunc pro tunc judgment entry of sentencing issued
by the Erie County Court of Common Pleas.  The judgment is affirmed in part and
reversed in part.

{¶ 2} The relevant facts are as follows.  On June 26, 2012, appellant, Timothy
Zell, entered no contest pleas to one count of burglary, a third degree felony and one

count of attempted burglary, a fifth degree felony.  The court accepted his pleas and found him guilty.  He was sentenced to serve three years in prison for burglary and 11 months in prison for attempted burglary.  Appellant appealed his convictions.

{¶ 3} Appellant's appointed counsel filed an *Ander's* brief with this court seeking to withdraw from the case.  This court granted counsel's motion to withdraw and affirmed the convictions but, remanded the case to the trial court for the sole purpose of correcting a variance in the judgment entry and transcript regarding whether the sentences were intended to be served concurrently or consecutively.  *State v. Zell*, 6th Dist. Erie No. E-12-066, 2013-Ohio-5354.

{¶ 4} The trial court accordingly issued a "judgment entry nunc pro tunc" ordering appellant's sentences to be served consecutively for a total of 47 months in prison.  Appellant now appeals this judgment setting forth the following assignments of error:

I.  The trial court did not have jurisdiction to enter its February 26, 2014 judgment entry.

II.  By improperly issuing a nunc pro tunc sentencing entry rather than conducting a new sentencing hearing the trial court:

A.  Violated the appellate court mandate;

B.  Violated criminal rules 43 and 32, and R.C. §2929.14;

C.  Improperly allowed the prosecutor to participate in the court's sentencing opinion;

2.

D.  Deprived appellant of his rights to due process and the effective assistance of counsel under the state and federal constitutions; and,

E.  Violated appellant's double jeopardy protections under the state and federal constitutions.

{¶ 5} In his first assignment of error, appellant contends that the trial court lacked jurisdiction to correct appellant's sentencing order because at the time the corrected order was issued, a motion to reopen appellant's appeal was pending in this court.

{¶ 6} These are the pertinent dates for purposes of this assignment of error.  On December 6, 2013, this court affirmed appellant's conviction, but remanded the case to the trial court for purposes of correcting the sentence.  On January 20, 2014, the trial court issued a judgment entry scheduling a rehearing for appellant's sentencing hearing for February 20, 2014.

{¶ 7} On February 10, 2014, appellant, pro se, filed an "application to reopen pursuant to Rule 26(B)."  Appellant alleged that his counsel was ineffective in failing to file a motion for reconsideration of this court's decision in *State v. Zell, supra.*

{¶ 8} On February 21, 2014, the trial court called appellant's case for resentencing.  Counsel for appellant argued that appellant should not be resentenced at that time because of his pending App.R. 26(B) application to reopen.  The trial judge agreed to continue the resentencing because of the application to reopen stating "[w]e'll wait for the Court of Appeals to speak."

3.

{¶ 9} However, the next document in the record before us is the trial court's February 25, 2014 "judgment entry nunc pro tunc" ordering appellant's sentences to be served consecutively.

{¶ 10} On March 13, 2014, this court denied appellant's App.R. 26(B) application to reopen his appeal.

{¶ 11} On March 18, 2014, appellant's counsel filed a notice of appeal, appealing the trial court's February 25 judgment entry.

{¶ 12} We do not agree with appellant's contention that the trial court lacked jurisdiction to issue a nunc pro tunc judgment entry correcting appellant's sentence. App.R. 27 specifically provides this court with the authority to remand final judgments to the trial court below for specific execution. A trial court has no discretion to disregard a mandate from the court of appeals, absent an intervening decision by the Supreme Court or to go beyond the scope of the mandate as long as the mandate is sufficiently explicit. *State ex rel. Mullins v. Curran,* 131 Ohio St.3d 441, 2012-Ohio-685, 966 N.E.2d 267, Painter and Pollis, *Ohio Appellate Practice*, Section 7:29 (2013).

{¶ 13} App.R. 26(B) provides for a collateral attack on the original appellant judgment and is not considered to be a continuation of the direct appellate proceedings. It may only be used to challenge the effectiveness of appellate counsel. "The rule creates a separate forum where persons with allegedly deficient appellate counsel can vindicate their rights." *State v. Davis,* 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221, ¶ 26.

4.

{¶ 14} This court issued an explicit mandate to the trial court in appellant's direct appeal which stated:

> This matter is remanded to the trial court for the sole purpose of correcting the variance in the judgment entry and transcript regarding whether the sentences are to be served concurrently or consecutively. The trial court is instructed to appoint new counsel to represent appellant.

The trial court in this case had no choice but to act on this court's mandate. Appellant's pending application to reopen did not affect the trial court's jurisdiction to execute on a specific, limited mandate just as a defendant's pending direct appeal to the Supreme Court does not affect an appellate court's jurisdiction to consider the same defendant's timely App.R. 26(B) application to reopen. S.Ct. Prac. R. 7.01(D)(1), *Davis*, *supra.* Appellant's first assignment of error is found not well-taken.

{¶ 15} While we do find that the trial court had jurisdiction to execute this court's mandate on remand, we agree with appellant that the trial court erred in not executing the entire mandate issued by this court. In his second assignment of error, appellant contends that the court erred in not conducting a resentencing hearing before correcting the sentencing variance.

{¶ 16} As discussed above, a resentencing hearing was scheduled but never took place. Instead, the trial judge issued a nunc pro tunc judgment entry clarifying the sentence without a hearing. As this court ordered the trial court to appoint new counsel to represent appellant with regards to the mandate, it is obvious that a resentencing

5.

hearing was anticipated by this court. Appellant's second assignment of error is found well-taken.

{¶ 17} Accordingly, the judgment of Erie County Court of Common Pleas is reversed and remanded only for the limited purpose of conducting a resentencing hearing, pursuant to Crim. R. 32 and Crim.R. 43, to determine appellant's correct sentence. In all other respects, the judgment of the trial court is affirmed. The costs of this appeal are to be shared equally between the parties.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.             _____
                                                         JUDGE

Arlene Singer, J.

                                           _____

James D. Jensen, J.                               JUDGE
CONCUR.

                                           _____
                                                         JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.