[Cite as *In re Durkin*, 2018-Ohio-2283.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: ESTATE OF VIRGINIA DURKIN

C.A. No.     28661

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     2015-ES-2539

DECISION AND JOURNAL ENTRY

Dated: June 13, 2018

TEODOSIO, Presiding Judge.

{¶1}    Daniel O'Halloran appeals the judgment of the Summit County Court of Common Pleas, Probate Division, overruling his objections to the magistrate's decision. We affirm in part and reverse and remand in part.

I.

{¶2}    In September 2015, an application to probate the will of Virginia Durkin was filed in the Probate Court of Summit County, Ohio. John Durkin, the son of Virginia Durkin, was the executor of the estate. Daniel O'Halloran, the grandson of Virginia Durkin, was a beneficiary of the estate, along with his two sisters. Mr. O'Halloran's mother (the daughter of Virginia Durkin), Patricia O'Halloran, had predeceased Virginia Durkin. Ms. Durkin's will divided her estate one-half to Mr. Durkin and one-half to Ms. O'Halloran's three children.

{¶3}    During the course of the matter, Mr. O'Halloran filed various motions, including a motion to remove John Durkin as the fiduciary for the estate, a motion to remove Gregory

Plesich as attorney for the estate, and a motion to compel. Attorney Plesich filed a motion to require Mr. O'Halloran to produce copies of documents received in response to subpoenas issued to various banks and two motions for contempt. In February 2017, a magistrate's decision denied Mr. O'Halloran's motions, granted $500.00 for contempt against Mr. O'Halloran, and addressed exceptions to the inventory of the estate. Mr. O'Halloran filed objections to the magistrate's decision, which were overruled by the trial court's judgment entry of May 8, 2018.

{¶4} Mr. O'Halloran now appeals, raising eight assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT-APPELLANT DANIEL O'HALLORAN'S [] MOTION FOR REMOVAL OF FIDUCIARY JOHN DURKIN [] PER R.C. 2019.50 ("PROCEEDINGS WHEN ASSETS CONCEALED OR EMBEZZLED"), R.C. 2109.52 (JUDG[]MENT ON THE COMPLAINT"), R.C. 2109.53 (JUDGMENT AGAINST FIDUCIARY—REMOVAL[)], [R.C.] 2113.18 ("REMOVAL OF EXECUTOR OR ADMINISTRATOR"), AND [R.C.] 2109.24 ("RESIGNATION OR REMOVAL OF FIDUCIARY").

{¶5} In his first assignment of error, Mr. O'Halloran argues the trial court erred by denying his motion for the removal of the fiduciary, John Durkin. We disagree.

{¶6} "This Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion." *Tabatabai v. Tabatabai,* 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 17. "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Id.* at ¶ 18. Here, "[r]emoval of an executor rests within the sound discretion of the trial court and a reviewing court will not reverse the decision absent a clear showing of abuse of discretion." *Pio v. Ramsier*, 88 Ohio App.3d 133, 136 (9th Dist.1993). An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d

217, 219 (1983). As a reviewing court applying the abuse of discretion standard, we may not substitute our judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶7} We note at the outset that the first assignment of error references sections of the Revised Code not raised in his arguments before the trial court. "Issues that were not raised to the trial court may not be considered for the first time on appeal." *Rozhon v. Rozhon*, 9th Dist. Medina No. 05CA0075-M, 2006-Ohio-3118, ¶ 18. To the extent these references make new arguments that were not raised before the trial court, they are not properly before this Court for consideration.

{¶8} In December 2016, Mr. O'Halloran motioned the trial court to remove Mr. Durkin as the fiduciary, arguing that Mr. Durkin lied under oath and failed to communicate information to Mr. O'Halloran. Mr. O'Halloran also presented these arguments at a hearing before the magistrate in August 2016.

{¶9} Other than reiterating his belief that Mr. Durkin acted dishonestly, Mr. O'Halloran does not provide this Court with a theory as to how the trial court abused its discretion. "[A]n appellant's assignment of error provides this Court with a roadmap to guide our review." *Taylor v. Hamlin-Scanlon*, 9th Dist. Summit No. 23873, 2008-Ohio-1912, ¶ 12. This Court declines to chart its own course when an appellant fails to provide guidance. *Young v. Slusser*, 9th Dist. Wayne No. 08CA0019, 2008-Ohio-4650, ¶ 7. "It is not this Court's duty to create an appellant's argument for him." *Thomas v. Bauschlinger*, 9th Dist. Summit No. 27240, 2015-Ohio-281, ¶ 8. It is an appellant's duty to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record; it is not the

function of this Court to construct a foundation for his claims. *Ohio Edison Co. v. Williams*, 9th Dist. Summit No. 23530, 2007-Ohio-5028, ¶ 9.

{¶10} Mr. O'Halloran has failed to demonstrate an abuse of discretion on the part of the trial court. The first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING [DANIEL O'HALLORAN'S] MOTION FOR REMOVAL OF GREGORY PLESICH [] AS ATTORNEY FOR THE ESTATE.

{¶11} In his second assignment of error, Mr. O'Halloran argues the trial court abused its discretion by denying his motion for the removal of Gregory Plesich as the attorney for the estate. We disagree.

{¶12} "[A] court has inherent authority to supervise members of the bar appearing before it; this necessarily includes the power to disqualify counsel in specific cases." *Kala v. Aluminum Smelting & Refining Co.*, 81 Ohio St.3d 1, 4 (1998). Trial courts enjoy broad discretion when considering motions to disqualify counsel. *Phillips v. Haidet*, 119 Ohio App.3d 322, 324 (3d Dist.1997). "We review a trial court's determination regarding a motion to disqualify counsel for an abuse of discretion." *Avon Lake Mun. Utilities Dept. v. Pfizenmayer*, 9th Dist. Lorain No. 07CA009174, 2008-Ohio-344, ¶ 13.

{¶13} When considering a motion to disqualify counsel, the Supreme Court of Ohio has recognized the need to balance the interests of the moving and non-moving parties. *Kala* at 5. Disqualification interferes with a client's right to choose counsel and is a drastic measure which courts should hesitate to impose except when absolutely necessary. *Kala* at 5-6. The moving party must provide evidence that a need for the disqualification exists. *Skycasters L.L.C. v. J.W. Didado Elec. Inc.*, 9th Dist. Summit No. 23901, 2008-Ohio-4849, ¶ 21.

{¶14} Mr. O'Halloran contends that Attorney Plesich violated the Ohio Rules of Professional Conduct and the Civil Rules of Procedure. Mr. O'Halloran provides examples of what he believes are violations of these rules, but has failed to cite to any authority whereby the alleged violations necessitate the disqualification of an attorney.

{¶15} We conclude that Mr. O'Halloran failed to demonstrate that a need for the drastic measure of disqualification exists. The second assignment of error is overruled.

ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING [DANIEL O'HALLORAN'S] MOTIONS TO COMPEL JOHN DURKIN TO SUPPLY ALL DOCUMENTATION RELEVANT TO THE VIRGINIA DURKIN ESTATE [], IN DIRECT CONTRADICTION OF [MR. DURKIN'S] FIDUCIARY RESPONSIBILITIES.

{¶16} In his third assignment of error, Mr. O'Halloran argues the trial court abused its discretion in denying his motion to compel Mr. Durkin to provide all documentation relevant to the estate. We disagree.

{¶17} A trial court has the inherent authority to control its docket and to decide discovery matters. *Evans v. Sayers*, 4th Dist. Ross No. 04CA2783, 2005-Ohio-2135, ¶ 19; *Riggs v. Richard*, 5th Dist. Stark No. 2006CA00234, 2007-Ohio-490, ¶ 15; *Wooten v. Westfield Ins. Co.*, 181 Ohio App.3d 59, 2009-Ohio-494, ¶ 20 (8th Dist.). *See also State ex rel. Grandview Hosp. and Med. Ctr. v. Gorman*, 51 Ohio St.3d 94, 95 (1990) ("Trial courts have extensive jurisdiction and power over discovery."); *State ex rel. Citizens for Open, Responsive & Accountable Govt. v. Register*, 116 Ohio St.3d 88, 2007-Ohio-5542, ¶ 18 ("[C]ourts have broad discretion over discovery matters."). A trial court's ruling on a motion to compel discovery is reviewed for an abuse of discretion. *State ex rel. The V Cos. v. Marshall*, 81 Ohio St.3d 467, 469 (1998).

{¶18} In support of this assignment of error, Mr. O'Halloran contends that Mr. Durkin committed misconduct in his role as power of attorney and that his motion to compel should have been granted for discovery of documentation related to Mr. Durkin's power of attorney for Virginia Durkin. Mr. O'Halloran has failed, however, to demonstrate that the denial of his motion to compel constituted an abuse of discretion. We again note that "an appellant's assignment of error provides this Court with a roadmap to guide our review." *Taylor*, 2008-Ohio-1912, at ¶ 12. This Court declines to chart its own course when an appellant fails to provide guidance. *Young*, 2008-Ohio-4650, at ¶ 7.

{¶19} Upon review, we cannot say the trial court was unreasonable, arbitrary, or unconscionable in its ruling. We conclude Mr. O'Halloran has failed to show an abuse of discretion by the trial court. The third assignment of error is overruled.

ASSIGNMENT OF ERROR FOUR

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DECIDED THAT THE BONDS INCLUDED IN THE INVENTORY WERE PROPERLY INCLUDED IN THE ESTATE, IN CONTRADICTION OF [VIRGINIA DURKIN'S] KNOWN ESTATE PLAN AND [MR. DURKIN'S] RESPONSIBILITY AS FIDUCIARY TO PRESERVE THAT ESTATE PLAN.

{¶20} In his fourth assignment of error, Mr. O'Halloran contends that Mr. Durkin breached his fiduciary duty through his inaction that resulted in certain bonds being included in the estate instead of passing to Patricia O'Halloran's children. We disagree.

{¶21} The U.S. Savings Bonds at issue were purchased by Virginia Durkin between 1985 and 2000 and named Patricia O'Halloran as the co-owner. Upon the death of Ms. O'Halloran, the bonds were not reissued and remained in the name of Virginia Durkin. The magistrate's decision found that upon the death of Ms. Durkin, the bonds became assets of the estate, to be distributed according to her last will and testament. Mr. O'Halloran contends that

Mr. Durkin should have taken action to insure that the bonds passed to Ms. O'Halloran's children rather than becoming a part of the estate, and consequently divided between Mr. Durkin and Ms. O'Halloran's children.

{¶22} In its May 2017 judgment entry accepting the estate accounting, the trial court does not directly address this issue. The trial court noted that Mr. O'Halloran's objections to the magistrate's decision and his amendment to the objections "contain no specific references to the trial transcript, offer no case law, and are very difficult * * * to follow * * *." With regard to Mr. O'Halloran's allegations of misconduct by Mr. Durkin, the trial court found he "offer[ed] no evidence to support his allegations" and that because he did not reference the transcript, the trial court stated it was unable to consider the objections regarding those matters.

{¶23} As we have noted, "[t]his Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion." *Tabatabai*, 2009-Ohio-3139, at ¶ 17. "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Id.* at ¶ 18. In this assignment of error, Mr. O'Halloran fails to identify how, or if, the trial court abused its discretion in its treatment of this issue, but rather, continues to assert that Mr. Durkin breached a fiduciary duty. Mr. O'Halloran has not demonstrated an abuse of discretion by the trial court.

{¶24} Mr. O'Halloran's fourth assignment of error is overruled.

ASSIGNMENT OF ERROR FIVE

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERRORS AND ABUSED ITS DISCRETION WHEN IT RENDERED A FINAL JUDGMENT ON THE ACCOUNTING OF THE VIRGINIA DURKIN ESTATE, DESPITE [MR. O'HALLORAN] PRESENTING NEW EVIDENCE OF SUBSTANTIAL IMPORTANCE TO THE FINAL ACCOUNTING, AND IN DENYING [MR. O'HALLORAN] A HEARING ON THIS EVIDENCE IN VIOLATION OF HIS DUE PROCESS RIGHTS.

{¶25} In his fifth assignment of error, Mr. O'Halloran argues the trial court erred in entering judgment on the accounting of Virginia Durkin's estate and denying him a hearing despite his presentation of new evidence in his objections to the magistrate's decision. We disagree.

{¶26} "A determination by a trial court whether to reopen a record for the submission of further evidence rests within the sound discretion of the court." *Askin v. Askin*, 10th Dist. Franklin No. 94APF05-720, 1995 Ohio App. LEXIS 313, *20, citing *Pyle v. Pyle*, 11 Ohio App.3d 31, 37 (8th Dist.1983). *See also Ketcham v. Miller*, 104 Ohio St. 372 (1922), paragraph three of the syllabus; *Nozik v. Mentor Lagoons*, 11th Dist. Lake No. 93-L-057, 1994 Ohio App. LEXIS 1957, *6; *Schindler v. Schindler*, 3d Dist. Defiance No. 4-88-18, 1990 Ohio App. LEXIS 3583, *11. Such a decision "will not be disturbed in the absence of abuse of discretion." *Pyle* at 37. This corresponds to the sound principle that "[t]he admission or exclusion of relevant evidence rests within the sound discretion of the trial court." *State v. Sage*, 31 Ohio St.3d 173 (1987), paragraph two of the syllabus; *see also Ohmer v. Renn-Ohmer*, 12th Dist. Butler No. CA2012-02-020, 2013-Ohio-330, ¶ 17.

{¶27} The trial court's refusal to hear new evidence is, in and of itself, not an abuse of discretion. Mr. O'Halloran has failed to demonstrate the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Therefore, the fifth assignment of error is overruled.

ASSIGNMENT OF ERROR SIX

THE TRIAL COURT COMMITTED A REVERSIBLE AND PLAIN ERROR IN GRANTING [MR. DURKIN'S] MOTION FOR REQUIRING DANIEL O'HALLORAN TO PROVIDE COPIES OF ALL DOCUMENTS RECEIVED IN RESPONSE TO SUBPOENAS ISSUED TO VARIOUS BANKS [], WHERE THE COURT'S LOCAL RULES PROVIDED DANIEL FOURTEEN DAYS TO RESPOND TO THE MOTION. [MR. O'HALLORAN] WAS NOT PROVIDED NOTICE OR AN OPPORTUNITY TO RESPOND TO THE MOTION IN

VIOLATION OF LOCAL RULES AND [MR. O'HALLORAN'S] DUE PROCESS RIGHTS.

{¶28} In his sixth assignment of error, Mr. O'Halloran argues the trial court erred and violated his due process rights in ruling on Mr. Durkin's motion to require him to produce copies of documents received in response to subpoenas issued to various banks without allowing him 14 days to respond pursuant to Loc.R. 57.1(C). We disagree.

{¶29} Loc.R. 57.1(C) of the Summit County Court of Common Pleas, Probate Division, provides that "[w]ithin fourteen (14) days after the receipt of a copy of a Motion, opposing counsel shall prepare and file a reply to the Motion, setting forth written statements of opposition to the Motion, together with a citation of authorities relied upon in opposition." The record indicates that Mr. Durkin filed his motion requiring Mr. O'Halloran to provide copies of all documents received in response to subpoenas issued to various banks on November 4, 2016, and that the trial court granted the motion by order dated November 7, 2016. Mr. O'Halloran subsequently filed objections to the motion on November 17, 2016.

{¶30} This Court has recognized "that local rules are of the court's own making, procedural in nature, and not substantive principles of law * * * [and accordingly we have] held that there is no error when, in its sound discretion, the court decides that the peculiar circumstances of a case require deviation from its own rules." *Lorain Cty. Bank v. Berg*, 9th Dist. Lorain No. 91CA005183, 1992 Ohio App. LEXIS 3799, *6 (July 22, 1992). We have previously discussed the application of local rules with regard to due process:

> Different standards of review have developed in regard to a trial court's failure to comply with its local rules when ruling on motions. In cases where the local rule is merely administrative, is designed to facilitate case management, and does not implicate constitutional rights, the trial court is not bound to comply with it. In other situations, this Court has recognized that a trial court has discretion in regard to its enforcement of local procedural rules where the peculiar circumstances of the case warrant deviation from the local rule. However, when

the trial court's failure to comply with local rules implicates issues of due process, depriving a party of a "reasonable opportunity to defend" against the disposition of the case in favor of the other party, the trial court is bound to comply with its local rules. Where due process rights are implicated, but the trial court's premature ruling does not dispose of the ultimate issue in the case, this Court has placed the burden on the aggrieved party to show not only that the trial court failed to comply with its local rule, but also that the party was prejudiced by that failure.

(Citations omitted.) *Wallner v. Thorne*, 189 Ohio App.3d 161, 2010-Ohio-2146, ¶ 21.

**{¶31}** The order requiring Mr. O'Halloran to provide opposing counsel with documents received as a result of the subpoenas issued to various banks did not implicate due process rights because he was not deprived of a reasonable opportunity to defend against the disposition of the case. Although Mr. O'Halloran is correct that the local rules afforded him the opportunity to respond within 14 days, and the trial court made its ruling after only 3 days, he has failed to demonstrate the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Even had this been a situation where Mr. O'Halloran's due process rights were implicated, he has not demonstrated that he was prejudiced by the error. "Under Rule 61 of the Ohio Rules of Civil Procedure, harmless errors are to be disregarded." *Oak Park Mgt. Corp. v. Via*, 9th Dist. Wayne No. 07CA0022, 2008-Ohio-2493, ¶ 5. We therefore conclude the trial court did not abuse its discretion in deviating from the response time for an opposition brief set forth in its local rules.

**{¶32}** Mr. O'Halloran's sixth assignment of error is overruled.

ASSIGNMENT OF ERROR SEVEN

THE TRIAL COURT COMMITTED A REVERSIBLE AND PLAIN ERROR, ABUSED ITS DISCRETION, AND VIOLATED [MR. O'HALLORAN'S] DUE PROCESS RIGHTS BY FINDING HIM IN CONTEMPT.

**{¶33}** In his seventh assignment of error, Mr. O'Halloran argues the trial court erred when it found him in contempt for failure to comply with the trial court's order of November 7,

2016, requiring him to provide copies of subpoenas and the documentation received in response to the subpoenas to Attorney Plesich. We agree.

{¶34} Within this assignment of error, Mr. O'Halloran raises several arguments: first, he contends that he should not have been held in contempt because the order he was alleged to have failed to comply with was invalid; next, contends he was not given 28 days to respond; finally, he contends he was never given a hearing as required by R.C. 2705.05(A). We address only the third line of argument because it is dispositive.

{¶35} We review a trial court's contempt finding for an abuse of discretion. *Morrow v. Becker*, 9th Dist. Medina No. 11CA0066-M, 2012-Ohio-3875, ¶ 47. An appellate court will not reverse a finding of contempt unless the trial court's decision was unreasonable, arbitrary, or unconscionable. *See Blakemore*, 5 Ohio St.3d at 219. As a reviewing court applying the abuse of discretion standard, we may not substitute our judgment for that of the trial court. *Pons*, 66 Ohio St.3d at 621.

{¶36} The Supreme Court of Ohio has consistently recognized that courts possess the inherent power to do all things necessary to the administration of justice and to protect their own powers and processes, including the authority to punish the disobedience of the court's orders with contempt proceedings. *Zakany v. Zakany*, 9 Ohio St.3d 192, 194 (1984). "Contempt of court is defined as disobedience of an order of a court * * * which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55 (1971), paragraph one of the syllabus. As we have explained:

> Contempt is classified as either direct or indirect. R.C. 2705.01 defines direct contempt as "misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice." Indirect contempt includes "misbehavior of an officer of the court in the performance of official duties, or in official

transactions[.]" R.C. 2705.02(B). Direct contempt is further divided into two categories, namely contemptuous conduct occurring in the actual presence of the judge and contemptuous conduct occurring before an officer of the court other than the judge. *Scherer v. Scherer* (1991), 72 Ohio App. 3d 211, 213-214, 594 N.E.2d 150. The latter is referred to as contempt in the constructive presence of the court. *Id.* Because the judge acts on his or her personal knowledge of all the facts, those acts which occur in the actual presence of the judge may be dealt with summarily without either a written charge or a hearing. *In re Neff* (1969), 20 Ohio App. 2d 213, 254 N.E.2d 25, paragraph three of the syllabus. However, in order to hold a person in contempt for acts occurring either within the court's constructive presence or outside the court's presence altogether, the alleged contemnor must be notified of the charges against him and a hearing must be held to establish the necessary elements of proof and to afford the defendant an opportunity to be heard. R.C. 2705.03; *State v. Local Union 5760* (1961), 172 Ohio St. 75, 82, 173 N.E.2d 331; *In Re Neff*, 20 Ohio App. 2d at 223-224.

*Thompson v. Thompson*, 9th Dist. Lorain No. 00CA007747, 2001 Ohio App. LEXIS 3666, *3-4 (Aug. 22, 2001). "Direct contempt is generally dealt with summarily, whereas it has been stated that statutory procedures must be followed in indirect contempt proceedings." *Cincinnati v. Cincinnati Dist. Council 51*, 35 Ohio St.2d 197, 202 (1973).

{¶37} In setting forth acts constituting indirect contempt, R.C. 2705.02 provides in relevant part: "A person guilty of any of the following acts may be punished as for a contempt: (A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer[.]" Thus, the failure to comply with a court order is an indirect contempt as it relates to the traditional meaning and R.C. 2705.02(A). When a person is charged with contempt under the provisions of R.C. 2705.02, R.C. 2705.03 sets forth the procedure and requires that the person accused of contempt be given notice and a hearing.

{¶38} The magistrate's decision of February 2017 sets forth under the heading "Motion Rulings": "First and Second Motions for Contempt: Denied in part, allowed in sum of $500.00[.]" Later in the decision, the magistrate states: "Contempt charges against objectors are

reduced to $500.00."   In overruling Mr. O'Halloran's objection, the trial court stated "the magistrate held [Mr. O'Halloran] in contempt for failing to comply with his previous orders."

**{¶39}** This Court finds no indication in the record that a hearing was conducted on the charges of contempt against Mr. O'Halloran.  We conclude the trial court abused its discretion in holding Mr. O'Halloran in contempt without a hearing as required under R.C. 2705.03.

**{¶40}** Mr. O'Halloran's seventh assignment of error is sustained.

ASSIGNMENT OF ERROR EIGHT

THE TRIAL COURT'S CONDUCT THROUGHOUT THIS CASE HAS BEEN PREJUDICIAL AGAINST [MR. O'HALLORAN], AND BY EXTENSION HIS TWO SISTERS KELLY O'HALLORAN [] AND KATHY WILLIAMS [] WHO SHARE SIMILAR STANDING AS BENEFICIARIES OF [VIRGINIA DURKIN'S] ESTATE.

**{¶41}** In his eighth assignment of error, Mr. O'Halloran argues the trial court acted prejudicially against him throughout the proceedings.  The eighth assignment of error does not specifically allege an error by the trial court, and instead states generally that the trial court acted with prejudice against Mr. O'Halloran and his sisters.

**{¶42}** An Ohio district court of appeals "has no authority to render a decision with regard to disqualification, or to void a trial court's judgment on the basis of personal bias or prejudice on the part of a trial judge." (Citation omitted.) *State v. Hunter*, 151 Ohio App.3d 276, 2002-Ohio-7326, ¶ 18 (9th Dist.).  This Court does not have authority to address Mr. O'Halloran's impartiality argument or to overturn the trial court's judgment on that basis. *See Shih v. Byron*, 9th Dist. Summit No. 25319, 2011-Ohio-2766, ¶ 24 ("It is not the role of this Court to make a determination as to whether the trial court exhibited a bias against a party."). "Ordinarily, matters pertaining to judicial bias may only be heard by the Chief Justice of the

Ohio Supreme Court or his or her designees." *King v. Rubber City Arches, L.L.C.*, 9th Dist. Summit No. 25498, 2011-Ohio-2240, ¶ 6.

**{¶43}** We conclude this Court does not have authority to address the alleged impartiality of the trial court. Mr. O'Halloran's eighth assignment of error is overruled.

III.

**{¶44}** Mr. O'Halloran's first, second, third, fourth, fifth, sixth, and eighth assignments of error are overruled. His seventh assignment of error is sustained. The judgment of the Probate Court of Summit County, Ohio, is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

DANIEL O'HALLORAN, pro se, Appellant.

GREGORY T. PLESICH, Attorney at Law, for Appellee.

MICHELE MORRIS, Attorney at Law, for Appellee.