[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Durkin v. Williams*, **Slip Opinion No. 2022-Ohio-1416.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-1416

DURKIN, EXR., *v*. WILLIAMS, JUDGE.

[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Durkin v. Williams*, **Slip Opinion No. 2022-Ohio-1416.]**

*Prohibition—Law-of-the-case doctrine—Writ sought to prevent trial judge from exercising jurisdiction over issues allegedly already decided by court of appeals—Court of appeals' mandate did not expressly restrict or specifically limit the proceedings on remand such that trial judge patently and unambiguously lacked jurisdiction—Writ denied.*

(No. 2021-0580—Submitted February 8, 2022—Decided May 3, 2022.)

IN PROHIBITION.

_____

**Per Curiam.**

{¶ 1} Petitioner, John Durkin, executor of the estate of Virginia Durkin, seeks a writ of prohibition against respondent, Judge Steven O. Williams, who is presiding over the underlying action involving the Durkin estate in the Summit County Common Pleas Court, Probate Division. John contends that Judge

Williams's appointment of a special master commissioner under R.C. 2101.06 disregards the law of the case established in *In re Estate of Durkin*, 9th Dist. Summit No. 28661, 2018-Ohio-2283 ("*Durkin I*"). John attempted to appeal the order appointing the special master commissioner, but the court of appeals dismissed the appeal for lack of a final, appealable order. *In re Estate of Durkin*, 9th Dist. Summit No. 29532, 2021-Ohio-1076 ("*Durkin II*"). John then brought the present original action.

**{¶ 2}** We denied Judge Williams's motion to dismiss and granted an alternative writ. 164 Ohio St.3d 1437, 2021-Ohio-3233, 173 N.E.3d 1219. For the reasons set forth below, we now deny the writ.

## I. FACTS

**{¶ 3}** In August 2015, Virginia Durkin died a resident of Summit County. Virginia's daughter, Patricia O'Halloran, predeceased her by several months. Virginia's will provided for her estate to be divided equally between her children, Patricia and John; if Patricia predeceased Virginia, then Patricia's share would pass to her three children per stirpes. *See Durkin I* at ¶ 2. The will was admitted to probate, and John was appointed as the executor in accordance with the will.

**{¶ 4}** The administration of the estate became contentious when Patricia's son, Daniel O'Halloran, contended that John had abused his power of attorney while Virginia was alive and that he had not included assets in the estate inventory that should have been included. A brief overview of the probate proceedings is necessary to understand John's prohibition claim.

### A. Inventory, objections, and final judgment

**{¶ 5}** John filed the estate inventory in October 2015, and the probate court approved it in December 2015. The inventory listed $503,320 worth of savings bonds as the sole asset of the estate. In May and June 2016, Daniel submitted untimely objections to the inventory as well as objections to the estate's final account.

2

{¶ 6} In August 2016, the probate-court magistrate held a hearing on Daniel's objections, and at that hearing, Daniel contended that John had engaged in fraud and self-dealing in his roles as attorney in fact for Virginia and executor of her estate. Daniel later obtained information regarding assets that he believed should have been included in the estate, and the magistrate ordered disclosures regarding two individual retirement accounts ("IRAs") Virginia had held.

{¶ 7} In February 2017, the magistrate issued a decision disposing of (1) Daniel's exceptions to the inventory and accounting, (2) Daniel's motion to remove John as executor, and (3) various other motions and objections. With respect to one IRA, the magistrate found that John had engaged in self-dealing when, after Patricia's death, he used his power of attorney to substitute himself for Patricia as beneficiary. Based on that finding, the magistrate set aside the substitution and ordered that the IRA be included in the estate. With respect to one of Virginia's bank accounts, the magistrate imposed a constructive trust on one-half of that account because the funds were traceable to a certificate of deposit that had designated Patricia as a beneficiary—the magistrate ordered that that portion be included in the estate. With respect to the savings bonds, the magistrate upheld their inclusion in the estate, rejecting Daniel's contention that they ought to have been re-registered with him and his siblings as beneficiaries. The magistrate also reduced a fine for a contempt citation against Daniel to $500. In all other respects, the magistrate rejected Daniel's contentions.

{¶ 8} Daniel filed objections to the magistrate's decision. In May 2017, the probate court issued a final judgment entry overruling the objections and adopting the magistrate's decision. The entry specifically stated: (1) "John remains as Executor" and (2) "[t]he Court accepts the Estate Accounting." The court also denied Daniel's motions objecting to the payment of John's fiduciary fees as executor and the estate attorney's fees, sustained the finding of contempt against Daniel, and stated that there was "no just cause for delay."

**B. *Durkin I***

**{¶ 9}** Daniel appealed the final judgment, and in June 2018, the court of appeals affirmed in part and reversed in part the probate court's order. *Durkin I*, 2018-Ohio-2283. The appellate court reversed the contempt finding against Daniel, *id*. at ¶ 39-40, 44, but it rejected Daniel's seven other assignments of error. The court of appeals remanded for further proceedings "consistent with" its decision. *Id*. at ¶ 44. The court of appeals also ordered that a special mandate issue requiring the trial court to carry the appellate court's judgment into execution.

**C. Proceedings after remand**

**{¶ 10}** On remand, the probate-court magistrate issued an order in January 2019 that (1) vacated the contempt finding against Daniel and (2) required John to file an amended inventory reflecting the magistrate's rulings that had been adopted in the probate court's May 2017 final judgment entry. John duly filed the amended inventory, and Daniel filed objections. Daniel also sought to disqualify the probate-court judge—Judge Elinore Marsh Stormer—on grounds of bias. Although the judge denied any bias, she voluntarily recused herself, and Judge Williams was assigned to the case.

**{¶ 11}** At an April 2019 status conference, Judge Williams expressed an "inclination" to remove John as executor. But after holding a hearing on the removal issue, Judge Williams declined to remove John as executor. Instead, in August 2019, Judge Williams appointed a special master commissioner, in accordance with R.C. 2101.06, and instructed that commissioner to "investigate and make a report to the [Probate] Court as to whether any additional assets should be included in the [estate] after examining the actions of John Durkin acting with the Power of Attorney from Virginia Durkin."

**D. *Durkin II***

**{¶ 12}** John attempted to appeal the August 2019 order appointing the special master commissioner, arguing that it violated the mandate from the earlier

appeals-court decision with respect to the disposition of several of Daniel's assignments of error. In March 2021, the court of appeals dismissed for lack of a final, appealable order. *Durkin II*, 2021-Ohio-1076.

**{¶ 13}** One judge dissented, stating that she would conclude that the order was final and appealable; she also stated: "Perhaps an appropriate remedy under these circumstances would be for [John] to file an action requesting an extraordinary writ, given that he contends that the visiting judge disregarded this Court's prior decision." *Id*. at ¶ 14 (Carr, J., dissenting).

**{¶ 14}** In May 2021, John filed this action seeking a writ of prohibition.

## II. ANALYSIS

### A. Law of the case and the remedy of prohibition

**{¶ 15}** Generally, to demonstrate entitlement to a writ of prohibition, a petitioner must show (1) that a court has exercised judicial power, (2) that its exercise of judicial power is unauthorized by law, and (3) that denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *See State ex rel. Greene Cty. Bd. of Commrs. v. O'Diam*, 156 Ohio St.3d 458, 2019-Ohio-1676, 129 N.E.3d 393, ¶ 16. But a petitioner does not need to prove the third requirement—the lack of an adequate remedy in the ordinary course of law—if he can show that the court patently and unambiguously lacked jurisdiction to exercise its judicial power as it did. *Id*. at ¶ 26. This exception from the general rule comes into play in this case because the availability of a discretionary appeal from *Durkin II* (which John did not pursue) qualifies as an adequate remedy in the ordinary course of law, even though this court might have denied jurisdiction. *See State ex rel. O'Malley v. Collier-Williams*, 153 Ohio St. 553, 2018-Ohio-3154, 108 N.E.3d 1082, ¶ 14-15. Therefore, to be entitled to the requested writ, John must show that Judge Williams patently and unambiguously lacked jurisdiction to appoint a special master commissioner in the underlying case.

**{¶ 16}** John predicates his prohibition claim on Judge Williams's alleged "fail[ure] to comply with the appellate court's mandate directed to [the probate] court." He asserts that because "the appellate court's decision in [*Durkin I*, 2018-Ohio-2283,] is the law of this case," it "governs any other court which subsequently considers this case." The law-of-the-case doctrine states that "[a]bsent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan v. Nolan*, 11 Ohio St.3d 1, 462 N.E.2d 410 (1984), syllabus. Equally established is the principle that " 'a writ of prohibition is an appropriate remedy to prevent a lower court from proceeding contrary to the mandate of a superior court.' " *State ex rel. Cordray v. Marshall*, 123 Ohio St.3d 229, 2009-Ohio-4986, 915 N.E.2d 633, ¶ 32, quoting *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna*, 73 Ohio St.3d 180, 182, 652 N.E.2d 742 (1995).

**{¶ 17}** Although it is settled that the law-of-the-case doctrine may furnish the grounds for a writ of prohibition in a proper case, the court adjudicating the prohibition claim must determine whether the challenged action of the trial court in fact violates the earlier appeals-court mandate or whether the action fell within the lower court's residual powers. The appellate court's mandate establishes the law of the case on the legal questions involved in that appeal, *State ex rel. Baker v. State Personnel Bd. of Rev.*, 85 Ohio St.3d 640, 642, 710 N.E.2d 706 (1999), meaning that the law-of-the-case doctrine " 'comes into play only with respect to issues previously determined,' " *Giancola v. Azem*, 153 Ohio St.3d 594, 2018-Ohio-1694, 109 N.E.3d 1194, ¶ 16, quoting *Quern v. Jordan*, 440 U.S. 332, 347, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979), fn. 18. Additionally, the law-of-the-case doctrine will not be applied to achieve unjust results. *See Baker* at 643.

**B. The appellate court's pronouncement in *Durkin II***
**regarding the mandate in *Durkin I* is not dispositive**

{¶ 18} In the context of dismissing John's appeal from Judge Williams's order appointing the special master commissioner, the appellate court stated: "We find nothing * * * in the mandate of the prior order of this Court that would conflict with appointment of a master commissioner by the trial court." *Durkin II*, 2021-Ohio-1076, at ¶ 10. Citing this pronouncement, Judge Williams argues that because the court of appeals "took no offense to [his] actions in hiring a Master Commissioner," it is "inappropriate for [John] to obtain another 'bite at the apple' via this Writ of Prohibition."

{¶ 19} In the past, we have shown deference to appellate courts when those courts have determined the scope of their own mandate. Observing that the court of appeals is in the best position to determine whether a trial court has violated the appellate court's mandate, this court has declined to find a patent and unambiguous lack of jurisdiction by the trial court when the court of appeals itself has found no violation of its mandate. *State ex rel. Pyle v. Bessey*, 112 Ohio St.3d 119, 2006-Ohio-6514, 858 N.E.2d 383, ¶ 12; *see also State ex rel. Jelinek v. Schneider*, 127 Ohio St.3d 332, 2010-Ohio-5986, 939 N.E.2d 847, ¶ 14; *but see State ex rel. Mullins v. Curran*, 131 Ohio St.3d 441, 2012-Ohio-685, 966 N.E.2d 267, ¶ 10, 12 (reversing court of appeals' decision granting a writ of prohibition to prevent a trial-court judge from conducting a retrial on the claim of negligence, which the court of appeals held was in violation of its earlier mandate).

{¶ 20} In this case, however, we decline to defer to the court of appeals' pronouncement. In *Durkin II*, the appellate court dismissed John's appeal because it found that Judge Williams's order appointing the special master commissioner was not a final, appealable order. The only issue relevant to making that determination in *Durkin II* was whether John could effectively protect his right to enforce the mandate in a later appeal from a later order. *Id.* at ¶ 6. The violation-

of-mandate issue was not a basis for the court of appeals' decision that the order was not final and appealable but instead constituted the substantive issue raised by John's premature appeal.

{¶ 21} By concluding that the order was not appealable, the court of appeals effectively ruled that it had no jurisdiction to decide whether the mandate had been violated. As a result, the appellate court's substantive finding that the mandate had not been violated was a nullity. *See Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶ 10 ("An appellate court can review only final orders, and without a final order, an appellate court has no jurisdiction"); *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 17 (a judgment rendered by a court without jurisdiction "is a mere nullity"). We must therefore make an independent determination concerning the scope of the mandate.

### C. Whether appointing the special master commissioner violated the *Durkin I* mandate

{¶ 22} The first step in evaluating John's prohibition claim consists of closely inspecting his argument that appointing the special master commissioner violated the appellate court's mandate in *Durkin I*, 2018-Ohio-2283. Although John attaches some importance to the court of appeals' affirmance of Judge Williams's decision not to remove him as executor, his main argument for finding a violation of the mandate lies in his observation that *Durkin I* "affirmed the probate court's determination to close the record" by "overrul[ing] [Daniel's] third and fifth assignments of error."

{¶ 23} John's characterization of the probate court's rulings, which were affirmed by the court of appeals in *Durkin I*, is correct: the probate court initially made rulings on the information before it, cut off further investigation, and all of its rulings merged into the final judgment that was affirmed in pertinent part by the court of appeals. *See Navistar, Inc. v. Testa*, 143 Ohio St.3d 460, 2015-Ohio-3283,

39 N.E.3d 509, ¶ 38 ("the [Board of Tax Appeals] hearing examiner's [evidentiary] ruling has merged into the BTA's decision and constitutes the law of this case, subject to challenge * * * in this appeal"). Specifically, the court of appeals affirmed the probate court's order terminating further discovery when it overruled two of Daniel's assignments of error. In overruling Daniel's third assignment of error, the court of appeals held that the probate court did not abuse its discretion when it denied Daniel's motion to compel discovery of information about John's alleged abuse of his power of attorney before Virginia's death. *Durkin I* at ¶ 16-19. And in overruling Daniel's fifth assignment of error, the appeals court held that the probate court did not abuse its discretion by "entering judgment on the accounting of Virginia Durkin's estate and denying [Daniel] a hearing despite his presentation of new evidence in his objections to the magistrate's decision." *Id*. at ¶ 25.

{¶ 24} Accordingly, John presents a plausible argument that when, after remand, Judge Williams ordered an investigation into John's actions, he reopened what the probate court had fully resolved in the earlier proceedings and thus violated the law-of-the-case doctrine because the probate court's rulings had been affirmed by the court of appeals and were thereby incorporated into the appellate court's mandate.

{¶ 25} But the mere plausibility of John's argument is not a sufficient basis for a writ of prohibition to issue. The necessary second step in evaluating John's prohibition claim involves determining whether his argument so clearly establishes a violation of the mandate that Judge Williams's lack of jurisdiction was patent and unambiguous. *See Mullins*, 131 Ohio St.3d 441, 2012-Ohio-685, 966 N.E.2d 267, ¶ 11. Because *Mullins* involved this court's independent determination whether an appeals court's mandate was violated, it provides us with guidance in deciding this case.

**{¶ 26}** In *Mullins*, the estate administrator brought a medical-malpractice action to recover damages in connection with the decedent's death. A jury returned a finding of negligence and awarded damages, and the defendants appealed. In pertinent part, the defendants argued that the trial court erred by failing to instruct the jury on the possible contributory negligence of the estate administrator herself. The Seventh District Court of Appeals held that the trial court erred in failing to give that instruction and in denying the defendants' motion for a new trial. *Mullins v. Comprehensive Pediatric & Adult Medicine, Inc.*, 7th Dist. Mahoning No. 07 MA 144, 2009-Ohio-1310, ¶ 74, 79, 81-82, 86, 87, 91, 102. On remand, the trial court set the case for retrial on *both* the negligence claim *and* the contributory-negligence issue. The estate administrator objected, asserting that the retrial should address only the issue of contributory negligence.

**{¶ 27}** When the trial judge persisted, the estate administrator brought a prohibition action in the court of appeals. The appellate court held that retrying the negligence claim would violate its earlier mandate, and it therefore granted the writ. *State ex rel. Mullins v. Curran*, 7th Dist. Mahoning No. 10 MA 76, 2011-Ohio-1312. But on appeal, we reversed, holding that the trial-court judge "reasonably concluded from the court of appeals' mandate * * * that a retrial of the wrongful-death case, including the negligence claim * * * was warranted." *Mullins*, 131 Ohio St.3d 441, 2012-Ohio-685, 966 N.E.2d 267, ¶ 10. We observed: "The court of appeals' mandate does not expressly restrict or otherwise limit the new trial to the contributory-negligence issue" and does not "specifically limit the retrial so as to preclude the jury's consideration of the negligence claim." *Id*. at ¶ 10, 12.

**{¶ 28}** *Mullins* provides the test that we will use in this case: Did *Durkin I*, 2018-Ohio-2283, "expressly restrict" and "specifically limit the [proceedings]" on remand in a manner that precluded Judge Williams's appointment of the special master commissioner to investigate Durkin's use of the power of attorney? The answer is no. Any such restriction is at best implied, which is insufficient. Because

*Durkin I* did not clearly and explicitly restrict the probate court's actions on remand regarding John's use of the power of attorney, Judge Williams did not patently and unambiguously lack jurisdiction to appoint the special master commissioner to conduct further investigation.

{¶ 29} *Mullins* also makes an important point concerning the need for an appellate-court mandate to be sufficiently clear. If a court of appeals' order explicitly limits the trial court's jurisdiction on remand, it enables the party aggrieved by the limitation to appeal that ruling. In *Mullins*, if the original court of appeals' decision had explicitly ordered that the new trial address only contributory negligence, the defendants could have appealed that limitation. *Mullins* at ¶ 13. Similarly, if *Durkin I* had clearly and explicitly forbidden further investigation of John's use of the power of attorney on remand, Daniel could have appealed that ruling. As in *Mullins*, we adhere in this case to the principle that the law-of-the-case doctrine will not be applied to achieve an unjust result. *Id.* at ¶ 14.

### III. CONCLUSION

{¶ 30} For the foregoing reasons, we deny the writ of prohibition. Costs are taxed to the petitioner.

Writ denied.

O'CONNOR, C.J., and KENNEDY, FISCHER, DONNELLY, STEWART, and BRUNNER, JJ., concur.

DEWINE, J., concurs in judgment only.

_____

Michele Morris; and Gregory T. Plesich Co., L.P.A., and Gregory T. Plesich, for petitioner.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Carrie Hill and John Galonski, Assistant Prosecuting Attorneys, for respondent.

_____