DECISION
{¶ 1} Pursuant to App.R. 26(B), defendant-appellant, Jacob L. Martin, Jr., has filed an application to reopen the appeal of State v.Martin, Franklin App. No. 07AP-362, 2007-Ohio-7152. Under App.R. 26(B), "[a] defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a *Page 2 
claim of ineffective assistance of appellate counsel." Plaintiff-appellee, the State of Ohio, opposes the motion.
 {¶ 2} Appellant fatally shot Tamara Moore, and, in Martin, we affirmed his conviction for reckless homicide with a firearm specification for that shooting. Id. at ¶ 2, 78. Most important for our purposes here, we rejected appellant's argument that the trial court committed plain error by not providing a defense of accident jury instruction. Id. at ¶ 45. Appellant's brief applied a plain error standard to the error because the record gave no indication that appellant's trial counsel had objected to the court's omission of the accident instruction even though trial counsel argued that the shooting was an accident. Id. at ¶ 48.
 {¶ 3} We concluded that the trial court did not commit plain error by failing to give the accident instruction. Id. at ¶ 48, 53. We stated:
 * * * [Although a trial court errs by failing to provide a jury instruction on the accident defense when the facts of a case warrant such an instruction, "`if the trial court's general charge was otherwise correct, it is doubtful that this error of omission would ever satisfy the [test] for plain error'" by affecting the outcome of the trial. See State v. Smith (May 10, 1996), Miami App. No. 95-CA-17, quoting State v. Stubblefield (Feb. 13, 1991), Hamilton App. No. C-890597; State v. Thomas (Aug. 29, 1997), Hamilton App. No. C960242 * * *
 * * *
 * * * In regards to the reckless homicide charge, we note that the trial court instructed the jury that appellee bore the burden of proof beyond a reasonable doubt on every essential element of reckless homicide, including the mental element of reckless. Moreover, in accordance with R.C. 2901.22(C), the trial court defined reckless as a perverse disregard or heedless indifference to the consequences. Such a definition "could easily allow jurors to understand that reckless conduct goes beyond what is considered to be an *Page 3 
accident." State v. Skeens (Dec. 19, 2001), Noble App. No. 286, citing State v. Tiber (May 17, 1990), Belmont App. No. 88[-]B[-]28. Therefore, * * * we conclude that an accident defense instruction would not have added anything to the general instruction in regards to appellant's reckless homicide charge. Accordingly, we hold that an accident defense jury instruction would not have affected the outcome of appellant's case, and the trial court did not commit plain error by not providing an accident defense jury instruction * * *.
Martin at ¶ 51, 53.
 {¶ 4} We also rejected appellant's argument that trial counsel rendered ineffective assistance, in part, by failing to object to the trial court's failure to give an accident instruction. Id. at ¶ 70. We stated:
 In [State v. Johnson, Franklin App. No. 06AP-878, 2007-Ohio-2792], we concluded that trial counsel did not render ineffective assistance by failing to request an accident defense instruction. Id. at ¶ 69. We noted that such an instruction would not have added anything to the instructions that the trial court did provide. Id. at ¶ 67-69. Here, like Johnson, we concluded above that an accident defense instruction would not have added anything to the instructions that the trial court did provide. Thus, like Johnson, we conclude that appellant's counsel did not render ineffective assistance by failing to request an accident defense instructions on the reckless homicide charge.
Id.
 {¶ 5} With the App.R. 26(B) application, appellant's appellate counsel has submitted an affidavit from trial counsel stating that, in an unrecorded in-chambers discussion about the jury instructions, trial counsel asked for an accident instruction, but the trial court refused. The affidavit also indicates that trial counsel did not submit the proposed accident instruction in written form. *Page 4 
 {¶ 6} Appellate counsel also submitted his own affidavit, which states that he did not speak with trial counsel when he prepared the appellate brief and was unaware of the in-chambers discussion. Appellate counsel did not learn of the discussion until after we decided theMartin appeal, and appellant's mother contacted trial counsel, who told her of the in-chambers request. In the App.R. 26(B) application, appellate counsel argues that he was ineffective for not timely contacting trial counsel to determine whether there had been any off-the-record discussion of an accident instruction. Had he been aware of the discussion, counsel argues, he would have sought to have the discussion made a part of the record through App.R. 9, and he would not have presented the alleged error under the plain error standard on appeal. He also states that he would have argued that trial counsel was ineffective for failing to submit a written proposed accident instruction to the court and for then failing to object to the trial court's failure to give the instruction.
 {¶ 7} As an initial matter, appellee contends that res judicata bars appellant's App.R. 26(B) application because appellate counsel did not assert the ineffective assistance argument in the memorandum in support of jurisdiction to the Supreme Court of Ohio. Principles of res judicata may apply to bar the further litigation in a criminal case of issues that were raised, or could have been raised, previously in the appeal.State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. Res judicata also may bar a claim of ineffective appellate counsel unless application of the doctrine would be unjust. State v.Murnahan (1992), 63 Ohio St.3d 60, 65-66. And, as appellee asserts, a party must raise that ineffectiveness claim at the earliest possible time. State v. Williams (1996), 74 Ohio St.3d 454. *Page 5 
 {¶ 8} Given the circumstances of this case, we conclude that application of the doctrine of res judicata to preclude appellant's ineffectiveness claim would be unjust. The record before this court on appeal, as well as the record transmitted to the Supreme Court, contained no indication that trial counsel had requested an accident instruction. Appellant's current appellate counsel has explained, by affidavit, that he did not communicate with appellant's trial counsel about a possible accident defense instruction until after this court issued its decision, and appellant's mother contacted his trial counsel. Trial counsel confirms these events. Appellant has sufficiently explained the timing of the filing.
 {¶ 9} In State v. Reed, 74 Ohio St.3d 534, 1996-Ohio-21, the Supreme Court held that the two-prong analysis found in Strickland v.Washington (1984), 466 U.S. 668, is the appropriate standard to assess a defense request for reopening pursuant to App.R. 26(B). Thus, a court reviewing an App.R. 26(B) application must determine whether appellate counsel was deficient for failing to raise the issues he now presents. We must also determine whether, if counsel had presented those claims on appeal, there was a reasonable probability that the result of the proceeding would have been different. The movant bears the burden of establishing that there was a genuine issue as to whether there was a colorable claim of ineffective assistance of counsel on appeal. SeeState v. Spivey, 84 Ohio St.3d 24, 1998-Ohio-704, certiorari denied (1999), 526 U.S. 1091.
 {¶ 10} Appellate counsel first contends that he rendered ineffective assistance for not talking with trial counsel before filing the appellate brief because, had he timely learned about the in-chambers jury instruction discussion, he would not have raised this *Page 6 
error on appeal using the plain error standard. As we noted inMartin, "[a]bsent plain error, a party forfeits error concerning jury instructions if the party fails to object before the jury retires." Id. at ¶ 48, citing State v. Jackson, 92 Ohio St.3d 436, 444,2001-Ohio-1266. Here, appellant's trial counsel did not expressly object to the trial court's failure to include an accident instruction, but did ask for the instruction during the in-chambers conference.
 {¶ 11} Crim.R. 30(A) governs jury instruction requests and states:
 At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. Copies shall be furnished to all other parties at the time of making the requests. The court shall inform counsel of its proposed action on the requests prior to counsel's arguments to the jury and shall give the jury complete instructions after the arguments are completed. The court also may give some or all of its instructions to the jury prior to counsel's arguments. The court shall reduce its final instructions to writing or make an audio, electronic, or other recording of those instructions, provide at least one written copy or recording of those instructions to the jury for use during deliberations, and preserve those instructions for the record.
 {¶ 12} In State v. Wolons (1989), 44 Ohio St.3d 64, 67, the Supreme Court, construing Crim.R. 30(A), held that, "in a criminal case, where the record affirmatively shows that a trial court has been fully apprised of the correct law governing a material issue in dispute, and the requesting party has been unsuccessful in obtaining the inclusion of that law in the trial court's charge to the jury, such party does not waive his objections to the court's charge by failing to formally object thereto." Applying Wolons here, because trial counsel informed the trial court of the need for an accident instruction, trial counsel did not forfeit error concerning the trial court's failure to provide *Page 7 
an accident instruction by the mere fact that trial counsel failed to formally object. We recognize that trial counsel did not submit the proposed accident instruction in writing, and Crim.R. 30(A) requires a party to propose a jury instruction in writing. Yet, in State v.Williford (1990), 49 Ohio St.3d 247, 252, the Supreme Court held that, "where the trial court fails to give a complete or correct jury instruction on the elements of the offense charged and the defenses thereto which are raised by the evidence, the error is preserved for appeal when the defendant objects in accordance with the second paragraph of Crim.R. 30(A), whether or not there has been a proffer of written jury instructions in accordance with the first paragraph of Crim.R. 30(A)." Thus, considering Wolons with Williford, we conclude that trial counsel did not forfeit error under Crim.R. 30(A) by not submitting in writing the proposed accident instruction because trial counsel informed the trial court of the need to provide the instruction.
 {¶ 13} Accordingly, as appellant argues in the App.R. 26(B) application, the plain error standard did not apply to the trial court's failure to provide an accident instruction because trial counsel properly preserved the issue. Generally, if a defendant has preserved an error in the trial court, the appellate court reviews the error under the harmless error standard in Crim.R. 52(A). State v. Perry,101 Ohio St.3d 118, 2004-Ohio-297, ¶ 15.
 {¶ 14} Crim.R. 52 defines harmless and plain error and states:
 (A) Harmless error
 Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded.
 (B) Plain error *Page 8 
Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.
 {¶ 15} Under the plain error standard, an appellate court has discretion to disregard an error, as long as the error did not affect a substantial right. Perry, 101 Ohio St.3d at ¶ 14. However, the harmless error is "`significantly more favorable to the defendant.'" Id. at ¶ 15, quoting United States v. Curbelo (C.A.4, 2003), 343 F.3d 273, 286. Under the harmless error standard, the government must show that the error did not affect the substantial rights of the defendant. If the government does not make this showing, the appellate court has no discretion to disregard the error; rather, the court must reverse the conviction. Perry at ¶ 15.
 {¶ 16} In Neder v. United States (1999), 527 U.S. 1, 10-11, the United States Supreme Court concluded that the harmless error doctrine applied to a trial court's failure to instruct the jury on an element of a charged offense because the error did not "`vitiat[e] all the jury's findings.'" (Emphasis omitted.) Id. at 11, quoting Sullivan v.Louisiana (1993), 508 U.S. 275, 281. The court contrasted its conclusions with its prior decision in Sullivan. In Sullivan, the United States Supreme Court deemed structural error a trial court's erroneous jury instruction on "`reasonable doubt'" because the error "vitiates all the jury's findings." (Emphasis omitted.) Id. at 281. The court also noted that, with the erroneous "reasonable doubt" instruction, the court could "only engage in pure speculation — its view of what a reasonable jury would have done." Id.
 {¶ 17} Here, as in Neder, the failure to give an accident instruction did not "vitiate all the jury's findings." The instruction went only to the aspect of whether the jury had sufficient instruction on the defense of accident. There are circumstances where the *Page 9 
jury receives instructions that sufficiently allow it to consider the accident defense even without the accident instruction. State v.Tiber (May 17, 1990), Belmont App. No. 88-B-28. Moreover, unlike the situation in Sullivan, a reviewing court could infer whether, through the facts of the case, a defendant was prejudiced by the trial court's failure to provide an accident instruction. As an example, a reviewing court could infer that the trial court's failure to provide an accident instruction did not affect the defendant's substantial rights because the strength of the evidence allowed the jury to reject the accident defense and convict the defendant. Therefore, we conclude that we must apply the harmless error doctrine to the trial court's decision to reject trial counsel's request for an accident instruction.
 {¶ 18} Applying the harmless error doctrine here, pursuant to Crim.R. 52(A), we must disregard errors that do not affect a defendant's substantial rights. The term "affect a defendant's substantial rights" means "`that the error must have been prejudicial. It must have affected the outcome of the [trial] proceedings.'" (Emphasis omitted.) State v.Fisher, 99 Ohio St.3d 127, 2003-Ohio-2761, ¶ 7, quoting United States v.Olano (1993), 507 U.S. 725, 734.
 {¶ 19} We held in Martin that the accident instruction did not affect the outcome of appellant's case and, thus, did not affect appellant's substantial rights, because the "accident defense instruction would not have added anything to the general instruction in regards to appellant's reckless homicide charge." Id. at ¶ 53. In particular, we noted that the trial court instructed the jury on the mental element of reckless as it pertains to the reckless homicide charge, and the reckless homicide charge "`could easily allow jurors to understand that reckless conduct goes beyond what is considered to be an *Page 10 
accident.'" Id., quoting State v. Skeens, Noble App. No. 286, 2001-Ohio-3476, citing Tiber.
 {¶ 20} Although we made these determinations under the plain error analysis, Perry emphasizes that both the plain error and harmless error doctrines entail the same determination as to whether error affected a defendant's substantial rights. Given our conclusions inMartin, we deem harmless the trial court's failure to provide the requested accident instruction.
 {¶ 21} In addition, in Martin, we rejected appellant's argument that "`[t]he only reasonable conclusion [from the evidence] is that the gun fired accidentally as appellant struggled to take it away from Ms. Moore after an evening of erratic behavior, arguments, and death threats, all consistent with her mental illness.'" Id. at ¶ 67. We held:
 * * * [T]he jury had forensic evidence and expert testimony that allowed it to reasonably infer not that Moore sustained fatal wounds from a gun that accidentally fired, but from appellant gaining sufficient control of the firearm to place pressure on its trigger and fire the gun while in close proximity to Moore. Thus, it was within the province of the jury to convict appellant of reckless homicide with a firearm specification. * * *
Id.
 {¶ 22} This determination provides additional support for our conclusion that the trial court's failure to provide the requested accident instruction was harmless. Accordingly, we must disregard the error under Crim.R. 52(A). We conclude that the result of appellant's appeal would not have differed had appellate counsel applied the harmless error standard, and appellate counsel did not render ineffective assistance by not arguing that alleged error under the harmless error standard. *Page 11 
 {¶ 23} Lastly, appellate counsel argues that, had he timely learned about trial counsel's request for an accident instruction, he would have presented his ineffective assistance argument differently. Appellate counsel argues that, if he had talked with trial counsel, he would have argued that trial counsel was ineffective by not submitting the proposed accident instruction in writing and by failing to object to the absence of the instruction. However, as we concluded above, pursuant to bothWolons and Williford, because trial counsel informed the trial court of the need to provide an accident instruction, trial counsel did not forfeit error under Crim.R. 30(A) by neither submitting the proposed instruction in writing nor objecting to the trial court's failure to provide the instruction. Thus, we would not reverse appellant's conviction based on this proposed argument change. The results of appellant's appeal would not have been different if counsel had made this change to the argument, and appellate counsel did not render ineffective assistance in the appeal.
 {¶ 24} For all these reasons, we conclude that the result of appellant's appeal would not have been different had appellate counsel, before filing appellate briefs, spoken with trial counsel and learned about trial counsel's request for an accident instruction. Accordingly, appellant has not demonstrated a genuine issue as to whether he was deprived the effective assistance of counsel on appeal. Therefore, we deny appellant's App.R. 26(B) application to reopen. See State v.Banks, Franklin App. No. 03AP-1286, 2005-Ohio-1943, ¶ 26 (denying an App.R. 26[B] motion upon concluding that the proposed assignments of error are "not well-taken" and, thus, that "appellant has failed to meet his burden to demonstrate that there is a genuine issue as to whether he was deprived the effective assistance of counsel on appeal"). *Page 12 
 Application to reopen denied.
 BRYANT and BROWN, JJ., concur. *Page 1